## COMMONWEALTH v. ALEX. MCDANIEL, ETC.

**Larceny—Continuous or Separate Offenses.**

Where defendant was charged with carrying away one lot of wheat, the fact that the carrying away occurred on three different days does not require the commonwealth to treat the acts committed on each day as a separate and distinct defense, since the acts may be treated as a continuous offense.

### APPEAL FROM LEWIS CIRCUIT COURT.

#### June 5, 1873.

OPINION BY JUDGE LINDSAY:

The indictment charges the commission of but one offense, The unlawful taking and conveying away of one lot of hay.

The fact that defendants were engaged, or are charged to have been engaged on three different days in the commission of the offense did not render it necessary that the commonwealth shall treat the act or acts committed on each day as a separate and distinct taking and conveying away. It is charged that one lot of hay was taken. The taking and carrying away of one thing can constitute but one offense, although the wrong-doers may have occupied themselves two, three, or five days in the perpetration of the wrong.

There are offenses which may be constituted by a succession of acts performed at different times. When these are set out in the indictment there may be more days than one mentioned in which the successive acts were done. Bishop's Crim. Procedure, Sec. 244. In this case but one lot of hay was taken and carried away. It is charged in effect that a portion was taken and carried away on the 10th, another portion on the 11th and the remainder on the 15th of February, 1870. The succession of acts performed on these three several days constitute together the one offense. That of taking and carrying away the lot of hay specifically described as having been taken under execution by Appleton, the constable, and placed by him in the possession of bailee Rea.

Possibly the commonwealth might have treated each removal of

a cart or wagon load, as a separate taking, but it was not bound to do so. Neither is it required to treat the taking on each day as an act separate and distinct from taking on the next or any other subsequent day.

The judgment dismissing the prosecution is reversed, and the cause remanded with instructions to overrule the demurrer and for further proceedings.

*Phister, for appellant.*

*Halbert, for appellees.*